# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVERA DAILEY-HENRY,<br><br>  Plaintiff,<br><br> v.<br><br>LAND O'LAKES, et al.,<br><br>  Defendants. | Case No. 1:24-cv-00347-KES-SKO<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF**<br><br>(Doc. 11) |

## I.   INTRODUCTION

On October 29, 2024, Jay S. Rothman & Associates, attorneys for Plaintiff Alvera Dailey-Henry, filed a motion to withdraw as Plaintiff's attorney, with a supporting declaration from Jeff D. Neiderman, Esq. ("Attorney Neiderman"). (Doc. 11.) By minute order entered October 30, 2024, the Court directed the parties to file their responses to the motion and reply briefs in accordance with E.D. Cal. Local Rule 230. (Doc. 12.) Neither Plaintiff nor Defendant Land O'Lakes ("Land O'Lakes") have responded (*see* Docket). The matter is therefore deemed unopposed and submitted on the papers, pursuant to Local Rule 230(g), and the hearing set for December 11, 2024, shall be vacated.

Upon consideration of the motion and supporting papers, and for the reasons set forth below, Jay S. Rothman & Associates motion to withdraw as counsel for Plaintiff is granted.

## II.   BACKGROUND

On February 13, 2024, Plaintiff initiated this action against Land O'Lakes in Tulare Superior Court asserting employment claims. (Doc. 2, Ex. A.) On March 21, 2024, Land O'Lakes removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The court held an initial scheduling conference on June 25, 2024 and entered a corresponding scheduling order the following day. (Docs. 9, 10.) The parties have until May 23, 2025 to complete fact discovery and trial is set

for March 10, 2026.  (Doc 10.)

## III.  LEGAL STANDARD

Under Local Rule 182 of the United States District Court for the Eastern District of California, "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared." E.D. Cal. L.R. 182(d).  The rule further provides:

> The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

*Id*.  Withdrawal is governed by the California Rules of Professional Conduct (the "Rules of Professional Conduct").  *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  Rule of Professional Conduct 1.16(b)(4) provides that an attorney may request permission to withdraw where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule Prof. Conduct 1.16(b)(4).  Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[1]

The decision to grant or deny a motion to withdraw is within the court's discretion.  *McNally v. Eye Dog Found. for the Blind, Inc*., No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).

## IV.  DISCUSSION

Attorney Neiderman on behalf of Jay S. Rothman & Associates states "[t]here has been an irremediable breakdown in communication between Plaintiff and [his] office such that [his] office can no longer effectively represent Plaintiff" (Doc. 11 ¶ 2) and that "by the client's conduct it has

---

[1] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

become unreasonably difficult to carry out representation effectively" (*id.* ¶ 3).  Attorney Neiderman also states that "[b]ased on the attorney client privilege, [he] is not at liberty to provide further information or detail as to what differences exist or how they affect representation, but the breakdown is sufficiently material that [he] is unable to litigate the matter effectively." (*Id.* ¶ 4.)

First, Jay S. Rothman & Associates has substantially complied with this Court's Local Rule 182(d).  Attorney Neiderman informed Plaintiff via U.S. Mail of the filing of the motion to withdraw (Doc. 11-2), and a copy of the relevant opposition and hearing deadlines was served via U.S. Mail on October 31, 2024 (*see* Doc. 13).  And while Attorney Neiderman's declaration did not include Plaintiff's last known address in his declaration, he included it in the "Service List" attached to his declaration.  (Doc. 11-2 at 3.)

Next, Jay S. Rothman & Associates has demonstrated the substantive requirements for withdrawal under the Rules of Professional Conduct.  Under some circumstances courts may "require information about the 'irreconcilable differences' between Counsel and Plaintiff, which again can be in camera, considering Counsel's assertion that the attorney-client privilege prohibits its disclosure in its moving papers." *IV Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, No. CV 13-9026-GW(AJWX), 2015 WL 12819166, at *2 (C.D. Cal. Nov. 30, 2015).  However, where a motion to withdraw is unopposed and the represented party has not taken issue with their counsel's characterization of a breakdown in the attorney-client relationship, courts have accepted counsel's representations. *Spangler v. Cnty. of Ventura*, No. 216CV09174ODWGJSX, 2017 WL 10560629, at *1 (C.D. Cal. Aug. 11, 2017).  Given that the Plaintiff has not opposed Attorney Neiderman's characterization of the attorney-client relationship between Plaintiff and Jay S. Rothman & Associates, the Court accepts Attorney Neiderman's representations.

The Court also finds that Jay S. Rothman & Associates has taken reasonable steps to avoid reasonably foreseeable prejudice to the Plaintiff's rights in accordance with Rule of Professional Conduct 1.16(d). Attorney Neiderman provided Plaintiff with notice of the firm's intent to withdraw by providing written notice prior to filing the motion to withdraw (Doc. 11 ¶ 5), served a copy of the motion and informed her of the opposition and hearing deadlines.  (*See* Docs. 11-2, 13.)  He has also represented that he will "cooperate with new counsel of her choice" and has "made Plaintiff's

file, including all client materials and property, available to Plaintiff." (Doc. 11 ¶ 5.)

Finally, in light of both Plaintiff and Land O'Lakes' lack of opposition to the motion (*see* Docket), the Court declines to find that either party would be prejudiced by the withdraw.[2]

For the reasons set forth above, the Court shall grant the motion to withdraw.

### V.     CONCLUSION AND ORDER

Considering Jay S. Rothman & Associates reasons for withdrawal, the absence of prejudice to the parties, the absence of harm to the administration of justice, and the absence of potential delay, Attorney Neiderman's motion on behalf of Jay S. Rothman & Associates to withdraw as attorneys for Plaintiff (Doc. 11) is GRANTED.  The hearing set for December 11, 2024, is VACATED.

The Clerk of Court is ORDERED to RELIEVE Jay S. Rothman, Esq., and Jeff D. Neiderman, Esq., of Jay. S. Rothman & Associates as attorneys for Plaintiff.  **Within five (5) business days of the date of this order**, Attorney Neiderman SHALL send to Plaintiff via U.S. mail all client materials and fees advanced in accordance with Rule of Professional Conduct 1.16(e), if he has not already done so.

The Clerk of Court SHALL serve a copy of this order via U.S. Mail on Plaintiff at the following address: 114 S 9th St, Fowler, CA 93625.

IT IS SO ORDERED.

Dated:   **November 18, 2024**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also observes that Jay S. Rothman & Associates' withdrawal should not cause any delay in the resolution of this action. The case is still in its early stages; trial is currently set for March of 2026. Thus, any substitute counsel hired by Plaintiff will have plenty time to get up to speed on the matter before the trial date.