# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVERA DAILEY-HENRY,<br><br>    Plaintiff,<br><br>    v.<br><br>LAND O'LAKE, INC,<br><br>    Defendant. | Case No. 1:24-cv-00347-KES-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE**<br><br>(Docs. 16, 17, 18, 19)<br><br>**TWENTY-ONE DAY DEADLINE** |

## I.    INTRODUCTION

Plaintiff Alvera Dailey-Henry filed this case, on March 21, 2024, (Doc. 1), and now proceeds *pro se*, (see Doc. 14).  On April 25, 2025—after attempting to contact Plaintiff no less than three times regarding her failure to respond to discovery requests, (*see* Doc. 17-3 ¶¶ 10–14, *see also* Docs. 17-6, 17-7, 17-8))—Defendant filed two motions to compel Plaintiff's responses to written discovery and appearance at a deposition.  (Docs. 16, 17).  Plaintiff did not timely respond.

On May 14, 2025, an order issued for Plaintiff to show cause ("OSC") and to respond by May 26, 2025.  (*See* Doc. 19).  The OSC expressly warned Plaintiff that failure to comply with the Court's order would "be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions, up to an including a recommendation that this case be dismissed for failure to prosecute."  (*Id.* at 2).  Plaintiff has not yet filed any response, and the time to do so has passed.

## II. ANALYSIS

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110; *see also* E.D. Cal. Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

Considering these factors in light of Plaintiff's repeated failure to participate in the prosecution of their case, the undersigned finds that all factors weigh in favor of dismissal. *See Cooksie v. Pac., Gas & Elec. Co.*, No. 2:12-CV-1445 LKK AC, 2013 WL 3872829, at *3 (E.D. Cal. July 25, 2013) ("By refusing to participate in discovery throughout the discovery period, and by failing to oppose the instant motion and appear at today's hearing, plaintiff has violated the discovery rules and the orders of this court and has failed to prosecute her lawsuit. In light of the plaintiff's conduct, the court agrees with the defendants that all factors weigh in favor of dismissal.").

### A. Expeditious resolution of litigation

Orderly and expeditious resolution of disputes serves the public interest and "is of

great importance to the rule of law." *In re PPA Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). Plaintiff has disregarded the public's interest by refusing to participate in discovery. (*See* Docs. 17-6, 17-7, 17-8). Her non-compliance will necessarily prolong the litigation, without any showing of cause for the delay.

### B. Court's Need to Manage its Docket

Plaintiff's past conduct demonstrates disregard for the court's resources and the need for orderly case management. In light of Plaintiff's past conduct, the undersigned concludes that continued litigation would likely result in continued non-compliance, wasteful pretrial activities, and the pointless expenditure of judicial resources. *See In re PPA Products*, 460 F.3d at 1227 (discussing circumstances related to docket management that support dismissal for discovery noncompliance and failure to prosecute).

### C. Risk of Prejudice to Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Failure to appear at deposition and to produce documents constitutes prejudice. *Id.* Moreover, the law presumes prejudice from undue delay. *In re PPA Products*, 460 F.3d at 1227. If the plaintiff proffers a non-frivolous excuse for delay, the burden shifts to defendant to demonstrate actual prejudice. *Id.* at 1228. Here, Plaintiff has offered no excuse for failing to comply with her discovery obligations within the time frame established by the scheduling order. Defendant has already born costs of time and money in preparing the motions to compel. Without any responses to discovery, Defendant cannot adequately defend themselves in this action. Accordingly, Plaintiff's actions impair Defendant's ability to go to trial and to obtain rightful decision of the case. Prejudice on these facts is both presumed and actual.

### D. Disposition on the Merits

Although the policy favoring disposition of a case on its merits counsels against dismissal, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA Products*, 460 F.3d at 1227. Accordingly, this factor does not protect from terminal sanctions

"a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* Plaintiff's conduct in this case has seriously impeded progress of the case toward resolution on the merits. The case is presently stalled due to Plaintiff's failure to participate in discovery and failure to appear. Accordingly, the general desirability of disposition on the merits does not weigh against dismissal here.

### E. Availability of Less Drastic Sanctions

Less drastic sanctions might have been imposed had Plaintiff appeared in opposition to the motion and indicated her willingness to comply with future orders of the court. Her complete failure to appear, however, demonstrates a disregard for the court that would make lesser sanctions futile. The undersigned's order to show cause, (Doc. 19), put Plaintiff specifically on notice that dismissal was a present possibility. *In re PPA Products*, 460 F.3d at 1228–29 (although a prior warning is not always required, "we focus more closely on the lack of warning and absence of consideration of less drastic alternatives when the dismissal is sua sponte rather than in response to a noticed motion."). Plaintiff failed to respond to duly-served discovery requests, three letters from Defendant requesting responses to discovery, Defendant's motion, and this Court's order to show cause. The undersigned has considered evidentiary, issue, and monetary sanctions but concludes in light of the entire history of this case that no sanction short of dismissal would be effective. *See Adriana*, 913 F.2d at 1411–12 (in evaluating the propriety and severity of sanctions, the court may consider all instances of a party's misconduct).

### III. CONCLUSION AND RECOMMENDATION

Because all factors weigh in favor of dismissal, it is **HEREBY RECOMMENDED** that this action be dismissed with prejudice for Plaintiff's failure to obey court orders and failure to prosecute this action. *See Lucero v. Pennella*, No. 118CV01448NONESAB, 2020 WL 6798059, at *6 (E.D. Cal. Nov. 19, 2020) (recommending dismissal with prejudice where most factors weighed in favor of dismissal), *report and recommendation adopted*, No. 118CV01448NONESAB, 2021 WL 24708 (E.D. Cal. Jan. 4, 2021).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). **Within twenty-one**

1  **(21) days** after being served with these Findings and Recommendation, Plaintiff may file written
2  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendation."  Plaintiff is advised that failure to file objections within the
4  specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,
5  839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

6       The Court DIRECTS the Clerk of Court to send a copy of this Order to Plaintiff at his address
7  listed on the docket for this matter.

8  IT IS SO ORDERED.

10  Dated:   **May 30, 2025**                              /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE

5